## JURISDICTION AS TO UNNECESSARY INTERFERENCE WITH RAILWAY TRACKS.

[Circuit Court of Summit County.]

### THE CLEVELAND TERMINAL & VALLEY RAILROAD COMPANY v. THE CITY OF AKRON.

Decided, April Term, 1903.

*Jurisdiction—Condemnation by Municipality—Unnecessary Interference with Railway Property.*

In a proceeding brought in the probate court for the appropriation of property of a railroad company, occupied by tracks, for the extension of a street at grade with the tracks, jurisdiction to determine whether the appropriation will unnecessarily interfere with the use of the property and tracks of the company is in the probate court.

WINCH, J.; HALE, J., and MARVIN, J., concur.

Appeal from the Court of Common Pleas of Summit County.

In this case, appealed from the common pleas court, the rail-

road company seeks to enjoin the city of Akron from proceeding with condemnation proceedings begun in the Probate Court of Summit County for the appropriation of property of the plaintiff for the extension of Prune street. Upon the property sought to be appropriated are six railroad tracks.

The railroad company alleges that the extension of Prune street, at the point contemplated, at grade with its railroad tracks, will unnecessarily interfere with its reasonable use of its property and railroad tracks; that there is no necessity for the opening of said street; and that the city is not acting in good faith in vacating a portion of Factory street near the proposed extension of Prune street, and in seeking to open up the latter street.

The railroad company further says that for the wrongs it complains of it has no adequate remedy at law.

The city claims that, having begun appropriation proceedings in the probate court, it has a right to go forward with the same and have said court assess the amount of compensation to be paid to plaintiff for its property taken for street purposes; that said probate court has full, complete and adequate jurisdiction in said matter; and that this court has no jurisdiction to entertain and adjudicate the matters complained of by the railroad company.

The statutes of Ohio, Sections 2232, 2233, 2236, 2238 and 2642, provide that municipal corporations having passed certain legislation, may appropriate lands held or owned by railway companies for the purpose of opening or extending streets across railway tracks, where such appropriation will not unnecessarily interfere with the reasonable use of the property so crossed by any such improvement; that such proceedings may be brought in either the common pleas or probate court, and notice thereof shall be given.

It is conceded that the city of Akron is a municipal corporation, that it has passed the requisite legislation as to the opening of Prune street, that it has begun proceedings in the probate court to appropriate lands owned by the plaintiff railroad company, and has given the notice thereof required by law.

The railroad company, however, contends that such appropriation will unnecessarily interfere with its reasonable use of the

property crossed by said improvement, and that the probate court is without jurisdiction to determine the question.

It was held by the third circuit court in the case of *The Toledo & Ohio Central Railway Co.* against *The City of Fostoria* (7 C. C., 293), Judge Seney delivering the opinion, that such proceedings being brought in the probate court, the power to determine whether the appropriation will not unnecessarily interfere with the use of the railroad company's property, as a jurisdictional fact, is inherent in said court.   It is claimed that this holding was not necessary to the determination of the case referred to, the common pleas court being affirmed in this point, but reversed on other grounds.

This case was affirmed without report by the Supreme Court in the 56 O. S., 726, so that we are left without a clear decision of this proposition by the Supreme Court.

In the light of Judge Seney's decision and the dictum of the Supreme Court in the case of *Railway Company* against *Village of Belle Center,* 48 O. S., 273, the views of the Supreme Court are sufficiently apparent to us, so that we conclude that plaintiff is not entitled to the relief it prays for.

An able opinion, stating and considering all the authorities on the subject, was rendered in the court below, and, as we reach the same conclusion on the law of the case, it is not necessary to make further reference to the authorities.

Upon the hearing the city objected to the introduction of any testimony by the plaintiff, a ruling upon which objection was reserved.   We find there was a reply filed in the case, and the allegations of the city as to the regularity of its proceedings and the giving of the notice in the probate court were controverted; and we now overrule said objection.

There have been two appeals taken to this court in this matter, case No. 581 being an appeal from an order of the common pleas court dissolving a temporary restraining order, and case No. 604 being an appeal from the decision of said court upon the final hearing of the case.   Our conclusions determine both cases, and similar entries should be made in each.   The injunction is refused, and the petition dismissed

*Allen, Waters & Andress,* for plaintiff

